This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: January 8, 2021**

**No. S-1-SC-37602**

**ROGER ROMERO,**

      Petitioner-Appellee,

v.

**STATE OF NEW MEXICO,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Office of the Twelfth Judicial District Attorney
John P. Sugg, District Attorney
James W. Grayson, Assistant District Attorney
Alamogordo, NM

for Appellant

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

Zach Cook, LLC
Zachary J. Cook
Ruidoso, NM

for Appellee

### DISPOSITIONAL ORDER OF TRANSFER

**{1}** WHEREAS, this matter having come before the Court upon the State's appeal from a district court order insofar as it granted Petitioner's petition for writ of habeas corpus, *see* Rule 12-102(A)(3) NMRA (providing for direct appeals to the Supreme Court from the granting of writs of habeas corpus under Rule 5-802 NMRA);

**{2}** WHEREAS, every member of the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, the State on appeal challenges the district court's exercise of postconviction jurisdiction under both Rule 5-802 and Rule 5-803 NMRA in seeking to vacate the district court's order setting aside Petitioner's magistrate court conviction for accumulating waste on his property in violation of Lincoln County, N.M. Ordinance 2016-02 (Aug. 16, 2016);

**{4}** WHEREAS, this Court determines that, at the time his petition was filed, Petitioner was no longer "in custody or under restraint" for purposes of habeas corpus jurisdiction, as required by Rule 5-802(A);

**{5}** WHEREAS, Rule 5-803(A) governs a petition for postsentence relief when a Petitioner "is not in custody or under restraint as a result of" a challenged conviction;

**{6}** WHEREAS, this Court determines that the district court had jurisdiction over this matter solely by reason of Rule 5-803;

**{7}** WHEREAS, the Court of Appeals has jurisdiction over appeals taken from a district court order setting aside a conviction, *see* Rule 12-102(B); and

**{8}** WHEREAS, NMSA 1978, Section 34-5-10 (1966) provides for the transfer of misfiled appeals to the proper appellate court;

**{9}** NOW, THEREFORE, IT IS ORDERED that the State's appeal of the district court's order setting aside Petitioner's conviction is transferred to the Court of Appeals for consideration and review.

**{10} IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**

**JUDITH K. NAKAMURA, Justice, Retired**
**Sitting by Designation**